IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Civil Action No. 14-1120 |
| | ) Criminal Action No. 06-425 |
| | ) |
| v. | ) Senior District Judge |
| | ) Maurice B. Cohill, Jr. |
| | ) |
| DOMINIC CONROY, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Dominic Conroy's ("Conroy") August 20, 2014 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 [ECF No. 45]. On October 9, 2007 Judge Gary L. Lancaster sentenced Conroy to 300 months of incarceration for sexual exploitation of a minor. This sentence was to run concurrent to the state court sentence that Conroy was serving at Case No. 200613617 in the Court of Common Pleas of Allegheny (PA) County [ECF No. 40 and 41]. On October 19, 2007 Conroy filed a Motion for Extension of Time to file a Notice of Appeal [ECF No. 42]. Judge Lancaster granted the Motion and extended the time for Conroy to file an Appeal to November 21, 2007. Conroy never filed a direct appeal.

Conroy now seeks to have the Court vacate or set aside Judge Lancaster's sentence for a new plea and sentence hearing despite the fact that Conroy signed a plea agreement [ECF No. 49-1] waiving his right to take a direct appeal, as well as his right to collaterally attack his conviction by way of a motion pursuant to 28 U.S.C. § 2255. Nevertheless, Conroy claims that

1

he should be granted a new plea and sentencing hearing due to the following two assertions:

1. Counsel was ineffective for failing to present mitigating evidence in the form of an expert report with regard to the offense.

2. Counsel was ineffective for failing to move to dismiss charges where the Petitioner was previously prosecuted in state court on the same matter.

The Government filed a Response in Opposition [ECF No. 49] to Conroy's Motion to Vacate providing several bases for denying Conroy's Motion: (1) Conroy signed an enforceable plea agreement waiving his right to attack the sentence; (2) Conroy did not take a direct appeal and, therefore, his claims are foreclosed by a procedural bar; (3) Conroy's Motion is untimely as it exceeds the 1 year time limit to challenge a conviction; and (4) Conroy's claims of ineffective assistance of Counsel lack merit. The Government asserts that Conroy's claims fail as a matter of law and the Court should refuse to issue a Certificate of Appealability.

I. **Standard of Review**

Section 2255 of Title 28 of the United States Code provides a means of collaterally attacking a sentence imposed after a conviction. See U.S. v. Cannistraro, 734 F.Supp 1110, 1119 (D. N.J. 1989), aff'd 919 F.2d 137 (3d. Cir. 1990), cert den'd 500 U.S. 916 (1991). Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . " 28 U.S.C. § 2255(a). Relief under this provision is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently

results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." U.S. v. Gordon, 979 F.Supp. 337, 339 (E.D. Pa. 1997) (citing Hill v. U.S., 368 U.S. 424, 428 (1962)).

A district court considering a Section 2255 motion "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record," U.S. v. Booth, 432 F.3d 542, 545 (3d Cir. 2005) (quoting Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989)), and a court "abuses its discretion if it fails to hold an evidentiary hearing when the files and records of the case are inconclusive as to whether the movant is entitled to relief." Booth, 432 F.3d at 546 (citing U.S. v. McCoy, 410 F.3d 124, 134 (3d Cir. 2005)). However, the final disposition of a Section 2255 motion lies with the discretion of the trial judge, see Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985), and a district court may summarily dismiss a Section 2255 motion where the motion, files, and records "show conclusively that the movant is not entitled to relief." U.S. v. Mason, 2008 WL 938784, 1 (E.D. Pa. 2008) (citing Forte, 865 F.2d at 62).

"Section 2255 generally may not be employed to relitigate questions which were raised and considered on direct appeal." U.S. v. DeRewal, 10 F.3d 100, 105 n. 4 (3d Cir. 1993) (internal quotations omitted). Moreover, "if a petitioner has failed to raise an objection at the time of trial and has also failed to raise the issue on direct appeal, then collateral review of that claim is procedurally barred unless the petitioner is able to show 'cause' excusing his procedural default and 'actual prejudice' resulting from the alleged error or violation." Henry v. U.S., 913 F.Supp. 334, 335 (M.D. Pa. 1996), aff'd 96 F.3d 1435 (3d Cir. 1996); see also U.S. v. Essig, 10 F.3d 968, 979 (3d Cir. 1993) (holding that the "cause and prejudice" standard set forth in U.S. v. Frady,

3

456 U.S. 152 (1982) "applies to § 2255 proceedings in which a petitioner seeks relief from alleged errors in connection with his sentence that he has not directly appealed"); Massaro v. United States, 538 U.S. 500, 504 (2003) (holding that an "ineffectiveness" claim can be brought in a collateral proceeding under § 2255 regardless of whether the same issue could have been addressed on direct appeal); DeRewal, 10 F.3d at 104. Finally, the collateral remedy available to prisoners under § 2255 "does not encompass all claimed errors in conviction and sentencing." United States v. Addonizio, 442 U.S. 178, 185 (1979). "The Court has held that an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice'." Id. (quoting Hill, 368 U.S. at 428).

### III Legal Analysis

#### A. Procedural Issues

##### a. Knowing and Voluntary Waiver.

The Government responded to both of Conroy's claims by stating that the claims are procedurally defaulted or waived. More specifically, the Government stated that Conroy is barred from raising either claim due to the collateral attack waiver in his plea agreement and by the fact that Conroy never filed a direct appeal and has sorely missed the deadline for filing any appeal by no less than 6 years. Furthermore, Conroy's Motion to Vacate provides no legitimate basis for exception to the procedural bars.

With regard to Conroy's plea agreement waiver, "A criminal defendant may knowingly and voluntarily waive many of the most fundamental protections afforded by the Constitution." U.S. v. Khattak, 273 F.3d 557, 561 (3d Cir. 2001) (citing U.S. v. Mezzanatto, 513 U.S. 196, 201

4

(1995)). Such waivers are enforceable "provided that they are entered into knowingly and voluntarily and their enforcement does not work a miscarriage of justice." U.S. v. Mabry, 536 F.3d 231, 237 (3d. Cir. 2008), cert. den'd, 129 S.Ct. 2789 (2009) (citing Khattak, 273 F.3d at 561). A court has "an independent obligation to conduct an evaluation of the validity of a collateral waiver." Mabry, 536 F.3d at 238. Specifically, we must examine (1) the "knowing and voluntary nature" of the waiver, based on what occurred and what the defendant contends, and (2) whether the enforcement of the waiver would work a "miscarriage of justice." See id. at 237. "Whereas a defendant bears the burden of presenting an argument that would render his waiver unknowing or involuntary, a court has an affirmative duty both to examine the knowing and voluntary nature of the waiver and to assure itself that its enforcement works no miscarriage of justice, based on the record evidence before it." Id. at 237-38 (citing Khattak, 273 F. 3d at 563).

Paragraph A8 of the Plea Letter states:

Dominic Conroy waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions: (a) If the United States appeals from the sentence, Dominic Conroy may take a direct appeal from the sentence. (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Dominic Conroy may take a direct appeal from the sentence.
Dominic Conroy further waives the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence. [ECF No. 49-1 at 4].

Conroy signed and dated the document June 7, 2007 and it was witnessed by his Counsel W. Penn Hackney, Esquire indicating that Conroy knew and understood the appeal rights he was waiving and that he did so voluntarily [ECF No. 49-1 at 6]. Conroy in his Motion to Vacate does

5

not argue that he didn't understand his waiver and, therefore, we consider it a valid waiver of his appellate rights.

### b. Miscarriage of Justice.

The next step in our analysis is to determine whether enforcement of the waiver would work a miscarriage of justice in this case. See Mabry, 536 F.3d at 238. In so considering, a court is to use a "common sense approach in determining whether a miscarriage of justice would occur if the waiver were enforced." Id. at 242-43. There is no identified list of specific circumstances to consider before invalidating a waiver as involving a miscarriage of justice. See id. at 243. The United States Court of Appeals for the Third Circuit has "endorsed the methodology of the Court of Appeals for the First Circuit," and instructed that we should consider "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result . . ." Id. at 242-43 (quoting U.S. v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001)).

In this case we see no evidence of a miscarriage of justice. There is no reason to believe Conroy didn't understand his actions and there is no reason to believe that the outcome of this case was unjust. Conroy clearly waived his rights under the terms of the plea agreement and let extended time lapse for filing an appeal. Furthermore, he let an extraordinary amount of time pass before seeking relief from the Court. The only reason Conroy provides accounting for this lapse of time is that he came into funds to support hiring an attorney who educated him about expert testimony. The system provides defense attorneys for defendants who are not able to pay. Ability to hire an attorney should not be an issue, therefore, Conroy had the ability to consult

with an attorney regarding his appeal in a timely fashion. We see no legitimate ground upon which Conroy can say justice was not served in his case. Therefore, we find Conroy's Motion to Vacate is procedurally barred.

### A. Substantive Issues

Conroy makes two claims based on ineffective assistance of counsel. First, Conroy claims that his counsel was ineffective because he failed to present an expert report with regard to the evidence. More specifically, Conroy asserts that an expert witness could have testified Conroy has a low risk of reoffending, which Conroy asserts would have resulted in a reduction of sentence [ECF No. 45 at 3]. Conroy's second claim is that his counsel was ineffective because counsel should have moved the Court to dismiss charges for which Conroy was already sentenced in state court. Conroy claims double jeopardy applies here [ECF No. 45 at 3-4].

The Court will address Conroy's claims using the guidance provided by the court in Strickland v. Washington, 466 U.S. 668 (1994). Under the first prong of Strickland, Conroy must show that counsel's representation "fell below an objective standard of reasonableness." United States v. Cross, 308 F.3d 308, 315 (3d Cir. 2002) (citing Strickland, 466 U.S. at 688). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. See Strickland, 466 U.S. at 687-88. However, there is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 689. To establish Strickland's second prong, Conroy must show that counsel's deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to

undermine confidence in the outcome." Id. at 694.

Conroy asserts in his Motion to Vacate that defense counsel was ineffective because he did not put forth mitigating evidence of Conroy's background. However, Conroy gives us no specific detail regarding what in his background would cause the Court to reduce his sentence. We must assume that defense counsel's decision to not put on expert evidence regarding Conroy's likelihood of reoffending was a strategic decision which does not fall below the level of reasonableness. A "tactical decision about which competent lawyers might disagree" does not qualify as objectively unreasonable. Bell v. Cone, 535 U.S. 685, 702 (2002). It is our opinion that Conroy's argument fails at this prong. In addition, Conroy's assertion fails at the second prong of Strickland with regard to this issue because this Court cannot say with any modicum of reasonable probability that had defense counsel put forward such hypothetical mitigating evidence as Conroy suggests that the outcome of the case would have been any different. As the Government stated in its Brief, Conroy was sentenced at the low end of the sentencing guideline range and, therefore, had seemingly already been afforded some mitigating considerations. We find that neither prong of Strickland is satisfied and Conroy's first claim of ineffective assistance of counsel fails.

With regard to Conroy's second claim of ineffective assistance of counsel wherein Conroy asserts that counsel should have moved to dismiss the federal charges based on double jeopardy because he was already convicted for the same crime under state law, the law is clear and well established on this issue. There is no constitutional bar that exists that prohibits prosecution of the same act under both state and federal law. See Bartkus v. Illinois, 359 U.S. 121, 128-29 (1959); U.S. v. Lanza, 260 U.S. 377, 383-84 (1922); Health v. Alabama, 474 U.S.

82, 88-9 (1985). Therefore, we find Conroy's double jeopardy claim futile and without merit.

**IV  Conclusion**

For the various reasons set forth above, it is the opinion of this Court that Conroy is procedurally barred from filing a Motion to Vacate under 28 U.S.C. § 2255; that Conroy knowingly and voluntarily waived his right to file a collateral appeal; and that Conroy's claims of ineffective assistance of counsel are without merit. Conroy's sentencing was not defective resulting in a miscarriage of justice. Conroy's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 [ECF No. 46] is DENIED. Moreover, a Certificate of Appealability will not be issued with respect to this Motion.

October 22, 2014

Maurice B. Cohill, Jr.
Senior United States District Court Judge
Western District of Pennsylvania